UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

SHAWN D. BRAXTON,

      Plaintiff,

v.                                   Case No:   6:18-cv-2209-Orl-37TBS

OVATIONS FOOD SERVICES, L.P.,

      Defendant.

_____

### REPORT AND RECOMMENDATION

      This case comes before me on referral from the district judge on Plaintiffs' Motion for Entry of Default Final Judgment (Doc. 16) and Supplemental Motion for Entry of Default Final Judgment and for Attorney's Fees and Costs (Doc. 18). After due consideration, I respectfully recommend that the motion, as supplemented, be granted.

### Background

      Plaintiff Shawn D. Braxton brings this collective action against his former employer pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 - 219 ("FLSA"), seeking to recover unpaid overtime wages "and unpaid regular wages" on behalf of himself and all others similarly-situated to him who were formerly, or are currently, employed as hourly paid employees of Defendant, Ovations Food Services, L.P., the owner and operator of Spectra Food Services & Hospitality (Docs. 1, 4). Plaintiff alleges that he worked for Defendant from May 2017 through November 2018 as a hourly paid warehouse clerk/event worker in Orlando, Florida, at Spectra Stadium (Doc. 4, ¶ 11; Doc. 16-1, ¶ 2). Plaintiff was employed at an hourly rate of $15.00 (Doc. 16-1, ¶ 3). Plaintiff declares that

> During the entirety of [his] employment, [his] work time was
> manipulated in such a way that resulted in wage theft. For

> example, many times during my employment I would not take
> a meal break, or I would only take at 10-15 minute break;
> however, my work times were manually entered by my
> supervisor to reflect that I clocked out for exactly 30 minutes. I
> rarely if ever took a meal break that was exactly 30 minutes. I
> also noticed that my clock in and out times were also being
> modified to reflect less hours worked. My times were adjusted
> [s]o that it appeared as though I was clocking in and out on
> the dot causing it to appear I clocked in at a later time or left
> early.

(Doc. 16-1, ¶ 3); <u>see</u> <u>also</u> (Doc. 4, ¶ 4).[1]

A process server served a summons and copy of the complaint on Ovations by serving Donna Moch, supervisor of CT Corporation System, as registered agent, on January 17, 2019 (Doc. 10). Defendant has not appeared and on February 14, 2019, the Clerk entered default against it, pursuant to FED. R. CIV. P. 55(a) (Doc. 13). Plaintiff now seeks entry of a default judgment against Defendant (Doc. 16, supplemented at Doc. 18). Defendant has not responded to the motion.

### Discussion

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." FED. R. CIV. P. 55(a). However, a defendant's default alone does not require the court to enter a default judgment. <u>DIRECTV, Inc. v. Trawick</u>, 359 F. Supp. 2d 1204, 1206 (M.D. Ala. 2005). Before judgment may be entered pursuant to FED. R. CIV. P. 55(b), there must be a sufficient basis in the pleadings to support the relief sought. <u>Id.</u> "The defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law. In short ... a default is not treated as

---

[1] Plaintiff brings this suit on behalf of himself and other similarly situated individuals, however, no opt-in plaintiffs have joined the case as of the date of this Report and Recommendation.

an absolute confession of the defendant of his liability and of the plaintiff's right to recover." Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank, 515 F.2d 1200, 1206 (5th Cir. 1975).[2]

If the facts in the complaint are sufficient to establish liability, then the court must conduct an inquiry to ascertain the amount of damages. See Adolph Coors Co. v. Movement Against Racism & the Klan, 777 F.2d 1538, 1543-44 (11th Cir. 1985). "Damages may be awarded only if the record adequately reflects the basis for the award via a hearing or a demonstration of detailed affidavits establishing the necessary facts." See id. at 1544.

A.  Clerk's Default

A plaintiff may serve a corporate defendant by,

> [D]elivering a copy of the summons and of the complaint to an
> officer, a managing or general agent, or any other agent
> authorized by appointment or by law to receive service of
> process and—if the agent is one authorized by statute and the
> statute so requires—by also mailing a copy of each to the
> defendant[.]

FED. R. CIV. P. 4(h)(1)(B). A plaintiff may also serve a defendant by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made[.]" FED. R. CIV. P. 4(h)(1)(A), 4(e)(1). Florida Statutes permit process to be served on a corporation by serving, *inter alia*, the president, general manager, or an agent designated by the corporation under FLA. STAT. 48.091.[3] See FLA. STAT. § 48.081. The return of service shows that Donna Moch, a

---

[2] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir.1981) (*en banc*), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down before October 1, 1981.

[3] FLA. STAT. § 48.091 provides that:

> (1)      Every Florida corporation and every foreign corporation now
> qualified or hereafter qualifying to transact business in this state shall

supervisor at CT Corporation System was served on behalf of Defendant as its registered agent (Doc. 10).[4] Under Rule 4(h) and FLA. STAT. §§ 48.081, 48.091, service on Defendant was proper.

Upon being served with the summons and complaint on January 17, 2019, Defendant was required to respond on or before February 7, 2019. See FED. R. CIV. P. 12(a)(1)(A)(i) ("A defendant must serve an answer within 21 days after being served with the summons and complaint[.]"). Defendant has failed to respond and the time within to do so has passed. Thus, the Clerk's default was properly entered against Defendant.

B. FLSA Claim

1. Enterprise Coverage

To establish a prima facie case of liability for unpaid overtime compensation under the FLSA, Plaintiff must demonstrate that Defendant (1) employed him, (2) are subject to the provisions of the statute, and (3) failed to pay him as required by law. Plaintiff can show that Defendant is subject to the provisions of the FLSA by demonstrating that either,

---

designate a registered agent and registered office in accordance with chapter 607.

(2)      Every corporation shall keep the registered office open from 10 a.m. to 12 noon each day except Saturdays, Sundays, and legal holidays, and shall keep one or more registered agents on whom process may be served at the office during these hours. The corporation shall keep a sign posted in the office in some conspicuous place designating the name of the corporation and the name of its registered agent on whom process may be served.

Under the statute, if plaintiff is unable to serve the registered agent because of the failure to comply with FLA. STAT. § 48.091, "service of process shall be permitted on any employee at the corporation's principal place of business or on any employee of the registered agent." FLA. STAT. § 48.081(3)(a).

[4] See
http://search.sunbiz.org/Inquiry/CorporationSearch/SearchResultDetail?inquirytype=EntityName&directionType=Initial&searchNameOrder=OVATIONSFOODSERVICES%20B010000004500&aggregateId=forlp-b01000000450-22f5bd2e-dff8-46be-8927-18c23a7aee24&searchTerm=ovations%20food%20services&listNameOrder=OVATIONSFOODSERVICES%20B010000004500

(1) he, as an individual employee, engaged in commerce or in the production of goods for commerce, or (2) his employer was an enterprise engaged in the same. De Lotta v. Dezenzo's Italian Restaurant, Inc., No. 6:08-cv-2033-ORl-22KRS, 2009 WL 4349806, at *2 (M.D. Fla. Nov. 24, 2009) (citing 29 U.S.C. § 207(a)(1)); Fraction v. Prot. Consultants, Inc., No. 6:09-cv-902-Orl-28GJK, 2010 WL 916661, at *3 (M.D. Fla. Mar. 10, 2010). An employer is considered an "enterprise engaged in commerce" if it has two or more employees who are engaged in commerce and it has gross sales or business of at least $500,000 per year, exclusive of excise taxes at the retail level. See 29 U.S.C. §203(s)(1)(A). The statute is meant to encompass restaurants as well as other retail and service establishments that satisfy the number of employees and revenue requirements. Diaz v. Jaguar Rest. Grp., LLC, 649 F. Supp. 2d 1343, 1349 (S.D. Fla. 2009)

Plaintiff makes the following averments in his complaint:

> 16. Defendant, OVATIONS FOOD SERVICES, L.P., d/b/a SPECTRA FOOD SERVICES & HOSPITALITY (hereinafter, "SPECTRA") is a Foreign Limited Partnership with operational headquarters in Philadelphia, Pennsylvania, conducts business in various locations throughout the United States, is an enterprise engaged in an industry affecting commerce, and is an employer as defined by 29 U.S.C. § 203(d) and (s)(1), which has employees subject to the provisions of the FLSA, 29 U.S.C. § 207, in the facility where BRAXTON was employed.

> 14. At all times material hereto, SPECTRA is an "enterprise engaged in commerce" within the meaning of 29 U.S.C. § 203(s)(1) with annual gross sales in excess of $500,000 within the meaning of the FLSA, and is thus subject to the requirements of the FLSA.

(Doc. 4, ¶¶ 13-14). These averments are deemed admitted by virtue of Defendant's default and are sufficient to substantiate Plaintiff's claim that Defendant was his employer, and that while he worked at Defendant's company, it was an enterprise

engaged in commerce. See Herrera v. Tri-State Kitchen and Bath, Inc., No. 14-CV-1695 (ARR)(MDG), 2015 WL 1529653, at *3 (E.D.N.Y. 2015) ("[P]laintiffs' allegation that "upon information and belief that defendants' gross revenues exceed $500,000" is sufficient to satisfy the $500,000 statutory threshold.") (citing Jones v. East Brooklyn Serv. Corp., et. al., No. 11-CV-1021(JG)(SMG), 2012 WL 3235784, at *4 (E.D.N.Y 2012) (concluding that the plaintiff's allegation that defendant met the $500,000 threshold sufficiently stated a claim for enterprise coverage in default judgment motion)).

### 2.  Sufficiency of FLSA Allegations

Damages may be awarded only if the record adequately reflects the basis for the award through evidence such as a detailed affidavit. Under the FLSA, an offending employer "shall be liable to the employee or employees affected in the amount of their ... unpaid overtime compensation ... and in additional equal amount as liquidated damages." 29 U.S.C. § 216(b).

If "the employer does not come forward with evidence of the precise amount of work performed or other evidence to negate plaintiff's prima facie case, 'the court may award approximate damages based on the employee's evidence.'" Donald v. Park & Fly, LLC, No. 3:10-cv-41-J-34MCR, 2011 U.S. Dist. LEXIS 139433, at *9 (M.D. Fla. Nov. 7, 2011). The employee may rely on an affidavit to prove damages. Childress v. Bubba's World, LLC, No. 6:09-cv-1955-Orl-28GJK, 2011 U.S. Dist. LEXIS 136994, at *5 (M.D. Fla. Nov. 4, 2011) ("A plaintiff may quantify damages by affidavit or other admissible evidence."). "[P]laintiff's proof must supply the Court with a just and reasonable inference upon which to calculate [damages]." Roberts v. Lee A. Stephens Sec., Inc., No. 3:05-cv-1196-J-32MCR, 2007 WL 2579599, at *1 (M.D. Fla. May 10, 2007).

Plaintiff has made the following declaration, under the penalty of perjury:

5. I have identified sixty-eight (68) 30 minute breaks that were deducted from my work time, but not taken by me. This amounts to 32 hours of time that I should have been paid for, many of which were overtime hours. I was also able to see many time entries that were round numbers that were obviously manipulated based on two reasons: (1) I rarely would clock in or out exactly on the hour or half hour, as many of the time records reflect; and (2) based on my recollection of my actual schedule, it appears that the time that I was paid for was less than what I actually worked. I reviewed all of my time and pay records for each week and was able to determine that I was shorted an additional 223.4 hours based on the aforementioned reasoning. All told, I was shorted a total of 255.4 hours of compensable time of which 247.2 hours are overtime hours and 8.2 hours are straight time hours.

6. Therefore, I am owed $5,562.00 ($22.50 times 247.2 hours) for unpaid overtime and $123.00 ($15.00 times 8.2 hours) for unpaid straight time. I am also owed liquidated damages for the unpaid overtime in the amount of $5,562.00.

7. All told, I am owed $11,247.00 resulting from Defendant's illegal conduct in stealing my wages.

(Doc. 16-1, ¶¶ 5-7).

With respect to unpaid overtime, the admitted allegations of the amended complaint coupled with the averments in this Declaration establish entitlement to an award of $5,562.00 ($22.50 times 247.2 hours) for unpaid overtime with an equal amount for liquidated damages.

Plaintiff states that he brought this action for "unpaid minimum wages and unpaid overtime under the Fair Labor Standards Act ..." (Doc. 16 at 1). But in his affidavit, he is seeking "unpaid straight time" at his claimed hourly rate of $15.00 - a rate well in excess of the applicable minimum wage. "The FLSA does not provide a plaintiff with a remedy for unpaid wages that exceed the statutorily mandated minimum wage." Nicaty v.Smarkusky, 18-63113-CIV, 2019 WL 2568838, at *1 (S.D. Fla. June 14, 2019), citing Bolick v. Brevard County Sheriff's Dep't., 937 F. Supp. 1560, 1568 (M.D. Fla. 1996). "Section 216(b) is only

available when an employee is owed unpaid minimum wages or unpaid overtime compensation as a result of a minimum-wage or overtime violation." (Id.) Thus, to the extent Plaintiff is claiming damages in excess of the minimum wage, his unpaid wage claim cannot be sustained under the FLSA.

Fortunately for Plaintiff, his First Amended Complaint does not present a claim for unpaid minimum wages under the FLSA. The "First Claim" is for "Unpaid Overtime Wages" and the "Second Claim" is for "Unpaid Regular Wages (Non-Overtime)" and seeks alleged unpaid "straight time" under "Florida Common Law." (Doc. 4 at 4-7). I interpret this as a basic breach of contract claim under Florida law.

To establish a breach of contract, a plaintiff must prove: "(1) the existence of a contract; (2) a material breach of that contract; and (3) damages resulting from the breach." Clough v. McClure Constr. Co., LLC, 6:18-CV-2069ORL41GJK, 2019 WL 1559661, at *2 (M.D. Fla. Mar. 25, 2019), report and recommendation adopted sub nom. 2019 WL 1558667 (M.D. Fla. Apr. 10, 2019) (quoting Vega v. T-Mobile USA, Inc., 564 F.3d 1256, 1272 (11th Cir. 2009)). An injured party is entitled to damages that "naturally flow from the breach and can be said to have been contemplated by the parties at the time the contract was entered into." Id., quoting Ramirez v. Raptor Tech. Group, Inc., 5:12-cv-100, 2012 U.S. Dist. LEXIS 91830, at *11 (itself quoting Mnemonics, Inc. v. Max Davis Assocs., 808 So. 2d 1278, 1280 (Fla. 5th DCA 2002)). By virtue of the default, Defendant admits it employed Plaintiff as an hourly paid employee, that he worked his scheduled hours and more, but was not paid for all hours worked (Doc. 4, ¶¶ 11,12). Plaintiff's affidavit establishes that he was employed at the hourly rate of $15.00 but was not paid for 8.2 hours. Accordingly, Plaintiff has established that he is entitled to $123.00

in unpaid wages. See Clough, supra (applying breach of contract to unpaid wages). No liquidated damages are due on the breach of contract claim.

     C. Attorney's Fees and Costs

     Plaintiff originally asked the Court to "reserve jurisdiction to award reasonable attorney's fees and litigation expenses pursuant to 29 U.S.C. § 216 and Local Rule 4.18" (Doc. 16 at 5). In the interest of conserving judicial resources and bringing about a complete resolution to this case, Plaintiff was directed to supplement his motion to include these claimed damages (Doc. 17) and he has done so (Doc. 18). Plaintiff claims his counsel has expended 11 hours at the rate of $350 per hour, for a total of $3,850 in attorney's fees. He also seeks costs in the total amount of $440 (filing fee of $400, service of process fee of $40).[5]

     Pursuant to 29 U.S.C. § 216(b): "The court in [FLSA] action[s] shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." In Hensley v. Eckerhart, 461 U.S. 424, 433 (1983), the Supreme Court stated that "the most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." This amount, commonly referred to as the lodestar, is then adjusted to reflect the "results obtained." Id. at 434. In determining the lodestar, a reasonable hourly rate is based on the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience and reputation. Gains v. Dougherty Co. Bd. of Educ., 775 F.2d 1565, 1571 (11th Cir. 1985).

---

[5] In sworn Declaration, Plaintiff's counsel avers that Plaintiff is "seeking to recover his litigation costs in the amount of $515.00." (Doc. 18-2, ¶8). The supplemental motion makes clear however that the filing fee and service fee are the only costs sought.

Counsel's declaration (Doc. 18-2) supports the reasonableness of the hourly rate and the amount of hours expended. I also find the costs to be recoverable.

### Recommendation

Upon consideration of the foregoing, I **RESPECTFULLY RECOMMEND** that the district judge:

(1) **GRANT** Plaintiff's Motion for Entry of Final Default Judgment (Doc. 16) as supplemented (Doc. 18);

(2) **ENTER** judgment for Plaintiff and against Defendant in the following amount: **$15,537.00** (unpaid overtime damages of $5,562.00 plus liquidated damages of $5,562.00 plus breach of contract damages of $123.00 plus attorney's fees of $3,850.00 plus costs of $440); and

(3) **TERMINATE** all pending matters and close the case.

### Notice to Parties

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. See 11th Cir. R. 3-1.

**RECOMMENDED** in Orlando, Florida on July 11, 2019.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

Presiding United States District Judge
Counsel of Record
Unrepresented Parties